IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| RICHARD A. FISHER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | C.A. No.:   4:20-cv-00052 |
| | § | |
| CST DRILLING FLUIDS, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES, RICHARD A. FISHER ("Plaintiff" or "Fisher"), and files this, Original Complaint for Damages, complaining of CST DRILLING FLUIDS, INC. ("Defendant" or "CST"), and alleges as follows:

**I.
NATURE OF THE ACTION**

1. This action is brought to seek a declaratory judgment and remedy claims for breach of contract, money had and received, quantum meruit and in the alternative promissory estoppel pursuant to the Texas Declaratory Judgment Act and Texas common law.

2. Plaintiff seeks actual and compensatory damages, interest, attorneys' fees, and other appropriate legal and equitable relief.

**II.
PARTIES**

3. Plaintiff is at all times relevant to this lawsuit been a resident of Monahans, Texas.

4. Defendant CST Drilling Fluids, Inc. is a Louisiana corporation, registered to do business in Texas, with its principal place of business located in Lafayette Louisiana and may be

served by serving its registered agent, M. Douglas France at North Hwy 36, P.O. Box 705 Caldwell, Texas 77836.

## III.
## JURISDICTION AND VENUE

5.  The Court has jurisdiction over this matter because the controversy is between parties of diverse citizenship and the amount in controversy exceeds $75,000. The jurisdiction of this Court is invoked by Plaintiff pursuant to 28 USC §1332(a). This Court has supplemental jurisdiction over all other state claims as they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy pursuant to 28 USCS § 1367.

6.  Venue is proper in this district under 28 U.S.C. §1391 because the breach of contract of which Plaintiff complains was committed in this district.

## IV.
## FACTUAL ALLEGATIONS

7.  Plaintiff and Defendant entered into an Employment Agreement effective May 16, 2017. Per the terms of the Employment Agreement Defendant was to pay Plaintiff $18,000 per month until a 60-day probationary period was fulfilled, then $20,000 per month thereafter guaranteed for a term of ten years. In addition, Defendant agreed to pay Plaintiff a bonus calculated as "if at the end of each quarter of the years, the profit margin on all invoices that Employee produces is over 33% then a bonus of $7,000 will be paid to Employee".

8.  Plaintiff fulfilled his 60-day probationary period and from August 2017 until July 2020 Defendant paid Plaintiff $20,000 per month. However, in early July Defendant informed Plaintiff that it intended to cut his monthly pay in half beginning July 15, 2020 and in fact in July 15, 2020 only paid Plaintiff $10,000, one-half of his guaranteed monthly salary.

9. In addition, every quarter since Plaintiff began working, he has exceeded the 33% profit margin on all invoices that Plaintiff produced and has never been paid the $7,000 bonus.

10. The Employment Agreement has never been amended and is governed by the laws of the State of Texas.

11. Defendant is in breach of the Employment Agreement.

## V.
## CAUSES OF ACTION

### COUNT 1 – DECLARATORY JUDGMENT

12. Plaintiff hereby incorporates the allegations set forth in the above paragraphs as if fully set forth herein.

13. Plaintiff seeks a declaration from the Court that:

   (1) The Employment Agreement is valid and enforceable;

   (2) Defendant owes Plaintiff $84,000.00 in unpaid bonus;

   (3) Defendant owes Plaintiff $20,000 per month until June 1 2027; and,

   (4) If Defendant terminates Plaintiff, Defendant will owe Plaintiff in a lump sum the remaining compensation due under the Employment Agreement within 30 days of termination.

14. Plaintiff is entitled to his attorneys' fees and costs of Court under Texas Civil Practice and Remedies Code.

### Count 2 -- Breach of Contract

15. Plaintiff hereby incorporates the allegations set forth in the above paragraphs as if fully set forth herein.

16. Plaintiff and Defendant entered into a valid enforceable Employment Agreement on May 16, 2017.

17. Pursuant to the Employment Agreement, Defendant agreed to pay Plaintiff $20,000 per month for a period of ten years. Further Defendant agreed to pay Plaintiff a quarterly bonus.

18. Plaintiff performed his obligations under the Employment Agreement.

19. Defendant breached the Employment Agreement by failing to pay Plaintiff pursuant to the terms of the Employment Agreement.

20. The breach caused Plaintiff damages.

### Count 3 -- Texas Theft Liability Act

21. Plaintiff hereby incorporates the allegations set forth in the above paragraphs as if fully set forth herein.

22. Plaintiff performed services pursuant to the Employment Agreement.

23. Defendant intentionally and knowingly accepted those services it intentionally and knowingly did not pay for those services.

24. Defendant failed to pay the money after receiving notice, demanding payment.

25. Plaintiff sustained damages as a result of the theft. Defendant is liable to Plaintiff for actual damages under TEX. CIV. PRAC. & REM. CODE § 134.003(a) and, in addition to actual damages, damages in the amount of $1,000.00.[1]

26. Plaintiff requests all costs and reasonable and necessary attorneys' fees incurred by or on behalf of Plaintiff, upon the successful prosecution of Plaintiff's theft suit under TEX. CIV. PRAC. & REM. CODE § 134.005(b).

### Count 4 -- Promissory Estoppel (in the alternative, if same be necessary)

27. Plaintiff hereby incorporates the allegations set forth in the above paragraphs as if fully set forth herein.

---

[1] *See* TEX. CIV. PRAC. & REM. CODE § 134.005(a)(1).

28. Defendant made a promise to pay Plaintiff for services rendered.

29. Plaintiff reasonably and substantially relied on the promise to its detriment.

30. Plaintiff's reliance was foreseeable by Defendant.

31. Injustice can be avoided only by enforcing Defendant's promise.

## VI.
## ATTORNEYS' FEES

32. Defendant's wrongful conduct has made it necessary for Plaintiff to retain the undersigned attorneys to represent him in bringing and prosecuting this action, and, if necessary, for legal representation in appeal. Plaintiff therefore seeks recovery of all reasonable attorneys' fees and costs pursuant to the Texas Civil Practice and Remedies Code.

## VII.
## PRAYER

33. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered injuries for which he seeks monetary compensation in the following non-exclusive areas:

    a. Judgment for actual damages owed pursuant to the Employment Agreement;

    b. Pre-judgment and post-judgment interest at the maximum legal rate;

    c. Reasonable attorneys' fees under Texas Civil Practice and Remedies Code; and,

    d. All costs of court; and,

    e. All other relief to which Plaintiff may be entitled.

Dated: July 16, 2020.

Respectfully submitted,

LAW OFFICE OF MATTHEW BOBO, PLLC.

*/s/ Matthew W. Bobo*
Matthew W. Bobo
State Bar No. 24006860

4916 Camp Bowie Blvd.
Fort Worth, Texas 76107
Telephone: (817) 529-0774
Facsimile: (817) 698-9401
mbobo@mwblawyer.com

**ATTORNEYS FOR PLAINTIFF**